# CHARLESTON.

BROWN *et al.* v. WESTERN MARYLAND RAILWAY COMPANY.

Submitted September 4, 1918.   Decided September 10, 1918.

1. RAILROADS—*Mortgages—Foreclosure.*

   The purchaser of the property of a railroad company in a suit to foreclose a particular mortgage is not liable to a third person for damages for the alleged breach of a contract executed by the mortgagor or a prior owner of the property, unless by the terms of the decree of sale and confirmation and deed made pursuant thereto such purchaser has thereby assumed such liability. (p. 515).

2. SAME—*Foreclosure Decree—Liabilities of Purchaser.*

   The provision in such decree and deed that the purchaser in addition to other sums required to be paid by him shall also assume and pay any and all unpaid indebtedness and obligations, if any such there be, which shall have been legally contracted or incurred by the receiver in the cause, in the operation or on account of the railroad and property covered by and embraced in such mortgage at any time before said property shall be delivered to the purchaser, properly construed, covers only personal obligations contracted by such receiver, and not unsecured debts and obligations of the mortgagor or former owner, and having no priority of lien on the property purchased. p. 515).

3. SAME.

   Nor is liability for such damages imposed upon such purchaser

by the further provision of such decree and deed whereby he assumes and agrees to pay "any indebtedness or liability" of such mortgagor company incurred prior to the appointment of the receiver, which is superior in equity to such mortgage, and which shall not, at the time of the delivery of possession of the property, have been paid or satisfied by the receiver, upon the court adjudging the same prior and superior in equity to such mortgage and directing payment thereof, such claim not falling within the terms of the decree, nor having been adjudged such priority. (p. 515).

Case Certified from Circuit Court, Randolph County.

Bill by W. M. Brown and others against the Western Maryland Railway Company. Demurrer to bill overruled, and question certified to the Supreme Court.

*Reversed, demurrer sustained, and cause remanded.*

*W. B. & E. L. Maxwell* and *S. T. Spears,* for plaintiffs.

*E. A. Bowers,* for defendant.

MILLER, JUDGE:

By their bill in equity plaintiffs sought recovery from the defendant company of certain switching charges which they claim themselves entitled to by virtue of a contract in writing dated September 15, 1904, between the West Virginia Central and Pittsburg Railway Company, described as operating the railway of the Coal and Iron Railway Company, as the first party, and M. M. Brown, one of the plaintiffs, the second party thereto.

This contract, a copy of which is exhibited with the bill, provides for the construction by joint action of a certain side track along the line of the Coal and Iron Railway Company, for the use of said Brown, and the particular provision thereof relied on is:

"The First Party agrees to switch on said side track, when practicable, all freight, in full carload lots only, consigned to and from the Second Party over the Railroad of the First Party, at such times as shall be most convenient to the First Party, subject to the switching charges as may from time to time be made by the Freight Department of the First Party; the placing on said side track of any car containing freight

consigned to the Second Party to be deemed a full delivery of such freight to the consignee.''

The bill charges substantially, that subsequently to entering into said contract, namely, on November 1, 1905, by two separate deeds also exhibited with the bill the West Virginia Central and Pittsburg Railway Company and the Coal and Iron Railway Company conveyed their respective properties to the Western Maryland Railroad Company, among others, upon consideration that the grantee company thereby assumed payment of all the indebtedness of whatsoever nature of the several grantors therein.

The defendant, the Western Maryland Railway Company, was not a party to either said contract or deeds, but it is alleged that as purchaser of the properties of the Western Maryland Railroad Company under judicial decree and deed from the commissioner appointed to make sale thereof in certain foreclosure suits the purchasing company was rendered liable in equity to the plaintiffs for the damages or switching charges provided for in the contract of September 15, 1904.

Looking to the decree and deed exhibited with the bill rather than to the allegations thereof for the correct terms and provisions thereof binding the defendant company we find that what the defendant assumed and agreed to pay in addition to the other sums required to be paid by it consisted of two classes of claims and two classes only: ''First. Any unpaid compensation which has been or shall be allowed by the court to the receiver in this cause, or his solicitors and counsel, and all unpaid indebtedness and obligations, if any such there be, which shall have been legally contracted or incurred by the receiver in this cause, in the operation or an account of the railroad and property covered by and embraced in said General Lien and Convertible Mortgage at any time before said property shall be delivered to the purchaser or purchasers;

''Second: Any indebtedness or liability contracted or incurred by the defendant, Western Maryland Railroad Company, prior to the appointment of the Receiver in this cause, which is superior in equity to said General Lien and Con-

vertible Mortgage, and which shall not, at the time of such delivery or possession, have been paid or satisfied by the receiver, upon this court adjudging the same to be prior and superior in equity to said General Lien and Convertible Mortgage and directing the payment thereof.''

The claim of the plaintiffs is as follows: For moving 743 cars from May 4, 1906, to March 6, 1908, from plaintiffs' mill to the main track of the railway company and which the Western Maryland Railroad Company failed to move at $1.00 per car, $743.00. For moving 815 cars from the same points from March 6, 1908, until the property purchased was turned over to the defendant, both sums aggregating $1558.00, the amount for which the suit is brought.

The circuit court overruled the defendant's demurrer to the bill and the question certified for our decision is, does the bill present a prima facie case for the relief prayed for? We are clearly of the opinion that it does not. First, by the terms of the contract of September 15, 1904, the railroad company, if it performed the services stipulated for was entitled to charge the plaintiffs' therefor such reasonable sum or sums as might from time to time be required by the Freight Department thereof. It is not alleged that this defendant or any one of its predecessors was ever called upon to perform the services called for in the contract, nor in what amount the plaintiffs had been damaged by its or their failure to perform the same. The measure of the damages to plaintiffs would not be some arbitrary charge made by them, but the difference between what it cost the plaintiffs and what the railroad company would have been entitled to charge them for the services. Perhaps the bill could be amended in this particular, but for aught that appears the plaintiffs may have saved money by doing their own switching.

The statute of limitations is also relied on. But we think it unnecessary to go further into these questions for the present defendant can only be rendered liable upon the theory that it assumed and agreed to pay plaintiffs their claim by the terms of the decree of foreclosure and deed aforesaid.

We think it is quite clear from the bill and exhibits, properly interpreted, that defendant can not be held liable to plaintiffs under the first provision of the decree and deed above quoted. The suit in which the decree was pronounced was to foreclose what is designated as the General Lien and Convertible Mortgage, not the first or prior mortgage on the railway company's property, and by the decree the property was sold to satisfy said general mortgage, subject to all prior liens and mortgages thereon. The first provision was intended to cover indebtedness and obligations personally incurred by the receiver in the operation of the road, as for labor, material and for betterments perhaps enuring to the benefit of the mortgage creditors, not for some breach of prior contracts of the railway company, not reduced to judgment or having priority or superior equity. A breach of a prior contract by the receiver could have no greater force or prior right than a like breach by the railway company prior to the receivership, so as to displace prior mortgages or liens.

And it is equally clear that plaintiffs' claim does not fall within the second provision of said decree and deed, for the indebtedness assumed by defendant under that provision must have been one incurred by the Western Maryland Railroad Company, prior to the appointment of the receiver, and one which is superior in equity to said General Lien and Convertible Mortgage, and one upon which the court pronouncing the decree shall adjudge to have prior and superior equity to said mortgage lien.

Such, in our opinion, being the true construction of the contract and obligation of the defendant company, the bill presents no cause of action against it, and the demurrer thereto should have been sustained.

We, therefore, reverse the decree below, sustain the demurrer, and remand the cause for further proceedings.

*Reversed, demurrer sustained, and cause remanded.*